## J. P. McCullom *v.* P. H. Cochran.

**Pleading—Answer—Reply—Admission—Production of Choses in Action.**
   Where plaintiff's reply to defendant's answer and counter-claim admits that plaintiff has in his possession choses in action to the value of $250, which had not been accounted for, he must produce them, or the court will credit defendant with the amount, in the absence of a showing that they can not be used as a set-off.

**Equity—Recital in Decree—Proof.**
   The mere recital in a decree in equity that the case was heard upon the pleadings, proof, and exhibits, is no evidence that parol testimony was introduced and heard in the case.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 16, 1872.

OPINION BY JUDGE PRYOR:

This suit was transferred from the common pleas court to the Louisville chancery court and tried in equity. The reply of the appellee to the answer and counter claim of the appellant in the suit first instituted in that court admits that the choses in action left in appellee's possession were of the value of two hundred and fifty dollars. The choses in action or their value have not been accounted for in any way by the appellee. Although he does not ad-

mit that these claims were left with him to pay this identical debt, still, he does admit, that they were left to pay the debts of Overton and we see no reason why he should not be made to account.

His response amounts to nothing. He must show his hand, by extinguishing the claims or making some proof showing the disposition he has made of these accounts. Admitting as he does that he has $250 of choses in action that were good, he must either produce them, or the court, in the absence of testimony showing that they can not be used as a set-off in this case, must credit the appellant for the amount. The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion. There is nothing in the record showing that the court heard proof in the court below. The mere recitation in a judgment in equity that the case is heard upon the pleadings, proof and exhibits is no evidence that parol testimony was introduced and heard in the case.

*Caldwell, for appellant.*

*Thompson & Booth, for appellee.*